UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: JUANNELIOUS BENJAMIN
MURRAY, SR.,

              Debtor.
_____/

JUANNELIOUS BENJAMIN
MURRAY, SR.,

              Appellant,

v.

SAFIR LAW P.L.C.,

              Appellee.
_____/

Case No. 19-12613

Paul D. Borman
United States District Judge

Bankruptcy Case No. 19-43879

Adversary Proceeding No. 19-04275

Maria L. Oxholm
United States Bankruptcy Judge

## OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S AUGUST 20, 2019 ORDER DISMISSING ADVERSARY PROCEEDING (ADVERSARY PROCEEDING DOCKET NO. 21)

Appellant Juannelious Benjamin Murray, Sr. filed six unsuccessful Chapter 13 bankruptcy cases between 2015 and 2019. (*See* ECF No. 5, Bankr. Rec., PgID 24–25 (listing the four filed between 2016 and 2019); *In re Murray*, Bankr. Case No. 15-49408; *In re Murray*, Bankr. Case No. 15-57101.) As part of his latest Chapter 13 case, filed in 2019, Murray filed an adversary proceeding against Safir Law, P.L.C., which had represented him in a state court personal injury lawsuit against Allstate Insurance Company in 2015 and 2016. (ECF No. 5, 2019 Bankr. Rec., PgID 24–47.) When Murray's underlying 2019 Chapter 13 case was dismissed for "failure

to comply with the terms and conditions set forth in the Order Regarding Trustee's Motion to Dismiss," the Bankruptcy Court also dismissed his 2019 adversary proceeding against Safir Law. (*Id.* at PgID 112–13.)

Murray now appeals the dismissal of his 2019 adversary proceeding claims. (ECF No. 1, 2019 Notice of Appeal, PgID 3, 5.) He does not appeal the dismissal of his underlying 2019 Chapter 13 case. Murray argues that, in dismissing the adversary proceeding in 2019, the Bankruptcy Court abrogated its retained jurisdiction to review attorney's fees and determine whether Safir Law willfully violated the automatic stay in Murray's 2016 Chapter 13 case. (ECF No. 7, 2019 Murray Brief, PgID 130.) The Court finds, however, that the Bankruptcy Court, in 2019, correctly dismissed Murray's adversary proceeding, because the allegations in Murray's Adversary Complaint are not sufficiently related to his 2019 Chapter 13 case for the Bankruptcy Court to have had jurisdiction over them. Thus, the Court affirms the Bankruptcy Court's Order Dismissing Adversary Proceeding. (2019 Adversary Proceeding, Docket No. 21.)

## I. BACKGROUND

Murray's 2019 adversary proceeding against Safir Law stems from its handling of his state court personal injury lawsuit against Allstate Insurance Company, Wayne County Circuit Court Case No. 15-001257 ("Allstate Case"), which he began in 2015. (ECF No. 5, 2019 Bankr. Rec., PgID 28.)

While Murray's state court case against Allstate was pending, on April 27, 2016 Murray filed a Chapter 13 bankruptcy case, *In re Murray*, Bankr. Case No. 2016-46387 ("2016 case"). (*Id.* [2019 Bankr. Rec.] at PgID 24–25.) Murray listed the Allstate case as an asset in the 2016 case, as well as claiming the expected recovery as exempt. (*Id.* [2019 Bankr. Rec.] at PgID 51–52.) On July 15, 2016, the Wayne County Circuit Court was notified that the Allstate Case had been settled. (*Id.* [2019 Bankr. Rec.] at PgID 29, 55.) Safir Law did not notify the Bankruptcy Court, in 2016 of the potential settlement, nor did it seek the Bankruptcy Court's approval of the settlement terms. (*Id.* [2019 Bankr. Rec.] at PgID 29.)

Pursuant to the settlement, on August 4, 2016, Allstate drew a check, payable to Safir Law and Murray, for $61,000. (*Id.* [2019 Bankr. Rec.] at PgID 29, 60.) Also on August 4, 2016, Safir Law emailed Murray's bankruptcy attorney a list of Murray's medical bills to be paid under the settlement.[1] (*Id.* [2019 Bankr. Rec.] at PgID 29, 63.) Nevertheless, a September 6, 2016 from letter from the Bankruptcy Trustee to Safir Law refers to Murray's recovery in the Allstate case as

---

[1] Murray alleges that the email does not mention the $61,000 settlement, but, the email is a list of Murray's medical bills that indicates the amount of each bill that is "to be paid." (ECF No. 5, 2019 Bankr. Rec. PgID 63.) The amounts listed in the email are the exact same as those listed in the Stipulated Order Granting Plaintiff's Motion for Apportionment of Settlement Proceeds in the Allstate Case, so the inescapable inference is that the email was regarding the amount "to be paid" pursuant to the settlement. (*Id.* at PgID 95–96.)

3

"prospective," which, according to Murray, shows that Safir had not disclosed to the Trustee that it had settled the Allstate Case. (*Id.* [2019 Bankr. Rec.] at PgID 29, 66.)

On October 20, 2016, the 2016 bankruptcy case was dismissed for failure to make plan payments—Murray had a 12.6 percent payment history. (*Id.* [2019 Bankr. Rec.] at PgID 29, 70.) Then, on October 28, 2016, the Stipulated Order Granting Plaintiff's Motion for Apportionment of Settlement Proceeds was entered in the Allstate case. (*Id.* [2019 Bankr. Rec.] at PgID 30, 95–97.) Murray alleges that Safir Law actually received the $61,000 check from Allstate sometime after October 28, 2016. (*Id.* [2019 Bankr. Rec.] at PgID 30.) A few months later, on March 17, 2017, the 2016 case was officially closed. (*Id.* [2019 Bankr. Rec.] at PgID 31.)

Murray subsequently filed three more Chapter 13 cases. He filed Case No. 2017-41767 on February 18, 2017, which was dismissed on June 19, 2017 and closed on October 12, 2017. (*Id.* [2019 Bankr. Rec.] at PgID 25.) He next filed Case No. 2018-52144 on August 31, 2018, which was dismissed on January 24, 2019, and closed on May 16, 2019. (*Id.* [2019 Bankr. Rec.].) Finally, he filed Case No. 2019-43879 ("2019 case") on March 18, 2019. (*Id.* [2019 Bankr. Rec.].)

While this 2019 case was pending, Murray filed a motion to re-open the 2016 case to administer the settlement proceeds from the Allstate Case, but the Bankruptcy Court denied the motion because "[t]he Debtor is not permitted to have two pending open bankruptcy cases." (*Id.* [2019 Bankr. Rec.] at PgID 25–26, 49.)

The court directed Murray to file future pleadings in the open 2019 case. (*Id.* [2019 Bankr. Rec.].)

On June 28, 2019, Murray filed the adversary proceeding against Safir Law that is the subject of this appeal in the 2019 case. (*Id.* [2019 Bankr. Rec.] at PgID 24–47.) In the Adversary Complaint, Murray alleges six counts. (*Id.* [2019 Bankr. Rec.].) The first is styled as an "independent action for relief from dismissal order," and asks the Bankruptcy Court to "set aside the dismissal of the 2016 bankruptcy case" so that Murray can examine Safir Law regarding the Allstate Case settlement proceeds. (*Id.* [2019 Bankr. Rec.] at PgID 31–34.) In the other five counts, Murray alleges a turnover action, two counts of unjust enrichment, one count of common law conversion, and one count of statutory conversion. (*Id.* [2019 Bankr. Rec.] at PgID 35–47.) Although each of these counts alleges a different legal violation, each is based on Murray's belief that his 2016 bankruptcy estate was entitled to the entire $61,000 settlement proceeds from the Allstate Case as soon as Allstate drew the check, on August 4, 2016. (*See id.* [2019 Bankr. Rec.].)

Safir Law did not get a chance to answer Murray's Adversary Complaint, and the Bankruptcy Court did not adjudicate any aspect of it, because, on August 20, 2019, shortly after Safir Law was served, Murray's 2019 bankruptcy case was dismissed for failure to make plan payments. (*Id.* [2019 Bankr. Rec.] at PgID 112.) On that same day, the Bankruptcy Court dismissed the adversary proceeding in a

5

one sentence order, which stated, "[a]s a result of the Chapter 13 case having been dismissed on August 20, 2019; IT IS HEREBY ORDERED that the captioned adversary proceeding is also dismissed." (*Id.* [2019 Bankr. Rec.] at PgID 113.)

Murray filed this appeal of the Order Dismissing Adversary Proceeding on September 5, 2019. (ECF No. 1.) It has been fully briefed. (ECF Nos. 1, 12, 14.) Although Murray requested an oral hearing on this matter, the Court finds that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be aided by oral argument, so the Court resolves the appeal without oral argument. Fed. R. Bankr. P. 8019(b)(3).

## II. STANDARD OF REVIEW

District courts review factual findings of Bankruptcy Courts for clear error, and their legal conclusions *de novo*. *Investors Credit Corp. v Batie (In re Batie)*, 995 F.2d 85, 88–89 (6th Cir. 1993). Because the exercise of jurisdiction over residual matters after an underlying bankruptcy case is "left to the sound discretion of the trial court," the decision not to exercise residual jurisdiction is reviewed for abuse of discretion. *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 364 n.2 (6th Cir. 1997) (internal citations omitted).

The reviewing court may affirm on any grounds supported by the record, even if those grounds differ from those relied upon by the Bankruptcy Court. *See JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 581 (affirming

district court despite error in applying Michigan law because "applying federal law yields the same result").

### III. ANALYSIS

Murray's primary contention in this appeal is that the Bankruptcy Court improperly abrogated its statutory duty to review awards of attorney's fees and that it abused its discretion in failing to exercise residual jurisdiction over an alleged willful violation of the automatic stay. (ECF No. 7, Murray Brief, PgID 130.) This argument is erroneous because it incorrectly assumes that the Bankruptcy Court had jurisdiction over the claims in the Adversary Complaint in the first instance. Further, this case does not involve *bankruptcy* attorney's fees.

Federal courts, including Bankruptcy Courts, "are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1137 (6th Cir. 1991). Bankruptcy Courts have jurisdiction over "cases under title 11" and "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 157(a); 1334(a–b). "[C]ases under title 11" refers only to the bankruptcy petition itself, and so does not apply to any of Murray's adversary claims. *Giese v. Lexington Coal Co. (In re HNRC Dissolution Co.)*, 761 F. App'x 553, 559 (6th Cir. 2019).

The "related to" language in § 1334(b) and § 157(a), as well as the "arising under" and "arising in" language, gives Bankruptcy Courts broad, but not limitless jurisdiction. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). The test for whether a matter falls within this broad grant of jurisdiction is "whether the outcome of th[e] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Giese*, 761 F. App'x at 559 (citing *Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 489 (6th Cir. 1996)). Under this test, there must be "some nexus" between the allegedly related matter and the bankruptcy petition. *Id.*

Here, no such nexus exists between the claims in the adversary complaint and Murray's 2019 Chapter 13 case. Every one of Murray's claims is related to the administration of his 2016 Chapter 13 case, and he makes no attempt to connect his claims to his 2019 case, beyond noting that the Bankruptcy Court, in denying his motion to re-open the 2016 case, directed him to file future pleadings in the open 2019 case. (ECF No. 5, Bankr. Rec., PgID 26.) The fact that he could not re-open the 2016 case does not establish that the outcome of his claims could conceivably have an effect on the administration of his 2019 estate, and no other facts support such a finding.

The relief that Murray seeks is a re-opening of the 2016 case and the turnover of the Allstate Case settlement proceeds to the 2016 bankruptcy estate.[2] (*Id.* at PgID 34, 38, 40, 42, 45, 46–47.) So, even if the Court awarded all of the relief Murray seeks, the only bankruptcy case that would be affected is the 2016 case. In other words, the outcome of the claims alleged in Murray's Adversary Complaint would have no conceivable effect on his 2019 case, which means that the Bankruptcy Court never had jurisdiction over those claims.

Murray, in the Adversary Complaint, and on appeal, argues that the Bankruptcy Court had residual jurisdiction to review attorney's fees under *Dery v. Cumberland Cas. & Sur. Co (In re 5900 Assocs., Inc.)*, 468 F.3d 326, 330 (6th Cir. 2006), and that it had residual jurisdiction over any alleged violation of the automatic stay argument under *Javens*, 107 F.3d at 364 n.2. (ECF No. 5, Bankr. Rec., PgID 27–28; ECF No. 7, Murray Brief, PgID 130.) This argument is based on a misunderstanding of residual jurisdiction.

Residual jurisdiction is the exception to the "general rule [that] the dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because

---

[2] Although Murray requests judgment for his "Chapter 13 estate," which could mean either his 2016 estate or his 2019 estate, the basis for all of his claims is that the 2016 bankruptcy estate was damaged by Safir Law illegally withholding the Allstate Case settlement proceeds, so the only plausible reading of "Chapter 13 estate" in that context is "the 2016 Chapter 13 estate." (ECF No. 5, Bankr. Rec., PgID 35–47.)

the court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings." *Dery*, 468 F.3d at 330 (internal citation omitted). Under this exception, the Bankruptcy Court may retain some jurisdiction after an underlying bankruptcy case has been dismissed in order to wind up administrative matters, such as the approval of attorney's fees related to the administration of the bankruptcy estate, *e.g.*, *Dery*, 468 F.3d 326, and to "vindicate rights that the Bankruptcy Code conferred on the party while the case was pending," such as awarding damages for a willful violation of the automatic stay. *In re Cent. Processing Servs., LLC*, 607 B.R. 625, 631–32 (Bankr. E.D. Mich. 2019). Because residual jurisdiction is retained from previously-existing jurisdiction, it exists only over matters that were already "related to" the underlying bankruptcy case—it does not extend to create jurisdiction over claims, like Murray's, that were filed in a separate, unrelated bankruptcy case. Therefore, no residual jurisdiction over Murray's claims from the 2016 case existed in the 2019 case. The Bankruptcy Court was correct to dismiss Murray's Adversary Proceeding at the same time that it dismissed his underlying 2019 Chapter 13 case. The Court notes that Murray does not appeal the dismissal of his underlying 2019 Chapter 13 case.

### IV.    CONCLUSION

For those reasons, the Court AFFIRMS the Bankruptcy Court's August 20, 2019 Order Dismissing Adversary Proceeding. (Adversary Proceeding Docket No. 21.)

IT IS SO ORDERED.

Dated:  September 4, 2020	s/Paul D. Borman
Paul D. Borman
United States District Judge